# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-176 |
| | ) |
| NATHANIEL THOMAS | ) |

## OPINION and ORDER ON MOTION TO RECONSIDER DETENTION ORDER IN LIGHT OF COVID-19 PANDEMIC

Presently before the court is Defendant Nathaniel Thomas' Motion to Reconsider Detention Order in Light of COVID-19 Pandemic. ECF No. 34. The Government opposes Defendant's motion. ECF No. 37. For the reasons set forth below, Defendant's Motion will be denied.

Defendant is charged in Count One of the Indictment with possession with intent to distribute 100 grams or more of acetyl fentanyl, 40 grams or more of fentanyl, and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(C), on or about May 29, 2019. ECF No. 10. At Count Two, he is charged with possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)C), on or about May 29, 2019. On May 31, 2019, a detention hearing was held before Magistrate Judge Robert J. Mitchell. ECF No. 8. After hearing evidence and argument, Magistrate Judge Mitchell ordered Defendant detained, finding that Defendant had not overcome the presumption that Defendant was a danger to the community and a risk of flight. Order of Detention Pending Trial, at 3, ECF No. 9.

Defendant seeks relief under the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal

or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason.***" 18 U.S.C. § 3142(i) (emphasis added). The Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i), and the Court is able to resolve the motion without a hearing or oral argument.

Defendant contends that as an inmate at the Allegheny County Jail, he is at much graver risk of contracting COVID-19 than if released to home confinement and that he is particularly vulnerable because he has a documented history of seasonal bronchitis and acute ulcerative colitis. In addition, Defense counsel notes that Defendant's ability to meet with counsel, communicate with counsel, and to review discovery materials has been thwarted by the COVID-19 pandemic. Defendant presents a well-reasoned argument focusing on several concerns relating to the pandemic. He submits that there are combinations of conditions to assure the safety of the community and to ensure his appearance. Defendant suggests that he be released on electronic monitoring to his girlfriend's house where he had been staying prior to his arrest, with any other conditions the Court chooses to impose.

The Court recognizes the potential for Defendant's exposure to the COVID-19 virus at the Allegheny County Jail. Unfortunately, that potential exists anywhere in the community. As explained in detail by the government in its response, the Allegheny County Jail, along with this Court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the Jail. As of the date of this

opinion and order, the COVID-19 virus has not been detected at the Allegheny County Jail. Additionally, there is no indication that Defendant's medical needs are not being addressed at the Jail. While the Court is sympathetic to Defendant's medical concerns and claims regarding possible complications caused by the COVID-19 virus, such speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release. In other words, Defendant's current arguments for release do not outweigh the factors considered by the Magistrate Judge in ordering his detention.

With respect to Defense counsel's general concerns about communication with Defendant and review of discovery material, the court is confident that Allegheny County Jail officials will respect the privileged nature of attorney-client telephone calls. In addition, written correspondence is also a viable method of communication. As explained by the government, the Allegheny County Jail offers confidential video conferencing for inmates and their attorneys. The effort by the Jail now includes nine rooms dedicated to video conferencing, and the Jail has allocated three officials to assist with said conferencing. These forms of communication are sufficient given that pretrial motions are not due until April 13, 2020, and the United States District Court for the Western District of Pennsylvania has already stated that "the period of time from March 13, 2020 to April 27, 2020 is considered to be excluded time in *all* criminal proceedings in this Court pursuant to U.S.C. § 3161(h)(7)(A)." *See* Misc. No. 2:20-mc-394-MRH. If requested, the Court will consider granting an additional extension of time for Defendant's pretrial motions in light of the practical difficulties caused by the pandemic.

The Court concludes that the Order detaining Defendant remains appropriate. Temporary release of Nathaniel Thomas is not warranted.

AND NOW, this 31st day of March, 2020, it is HEREBY ORDERED that Defendant's Motion to Reconsider Detention Order in Light of COVID-19 Pandemic (ECF No. 34) is DENIED.

BY THE COURT:

Marilyn J. Horan
United States District Judge