IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-176 |
| | ) |
| NATHANIEL THOMAS | ) |

**Opinion and Order on Motion to Suppress and for Return of Seized Jewelry**

This matter is before the Court on Defendant Nathaniel Thomas' Motion to Suppress and for Return of Seized Jewelry, ECF No. 49, and the government's Response thereto, ECF No. 51. Pursuant to Federal Rule of Criminal Procedure 12(c)(1) a District Court "may [] schedule a motion hearing" on a motion to suppress. Fed. R. Crim. Proc. 12(c)(1). A suppression hearing is set for May 25, 2021. Upon review of Defendant's motion, however, it is clear that there are no "disputed issues of material fact that will affect the outcome of the motion to suppress" and therefore an evidentiary hearing is not necessary. United States v. Hines, 628 F.3d 101, 105 (3d Cir. 2010). Defendant's Motion is resolved herein and the evidentiary hearing set for May 25, 2021 will be cancelled. For the reasons set forth below, the Motion to Suppress will be denied, and the Motion for Return of Seized Jewelry will be denied without prejudice.

I. **Background**

On May 28, 2019, Pennsylvania State Trooper Stephen L. Shurgott, working as a Federal Bureau of Investigation Task Force Officer, obtained a Search and Seizure Warrant approved by United States Magistrate Judge Robert C. Mitchell. Search and Seizure Warrant, Under Seal. The warrant authorized the search of a residence located at 4332 Coleridge Street, Pittsburgh, Pennsylvania 15201, a gray 2019 BMW X3 Sports Utility Vehicle, and the person of the Defendant, Nathaniel Thomas. The basis for the search warrant is an investigation into

illegal narcotics activity by Nathaniel Thomas over the course of April and May 2019. The investigators conducted extensive surveillance of the subject residence, which included monitoring Mr. Thomas's travel to and from the house and monitoring visitors arriving and leaving the house. The search warrant was executed on May 29, 2019. During the search of the residence, Mr. Thomas was found in an upstairs bedroom. In that bedroom, agents seized a backpack containing a bag containing a quantity of cocaine, and approximately 100 "bricks" of suspected heroin/fentanyl, which later tested positive for acetyl fentanyl, fentanyl, and heroin. Mr. Thomas allegedly acknowledged possession of the narcotics in the backpack.

In the Affidavit in Support of Search Warrant, Trooper Shurgott stated that, based on his experience, participation in drug, firearms, and financial investigations, and his communications with law enforcement personnel, he is aware that "[i]ndividuals who traffic in drugs and/or commit money laundering offenses conceal in their residences or place of business large amounts of currency, financial instruments, precious metals, jewelry, and other items of value .. . ." Aff. ¶ 11.e. The Search Warrant therefore authorized the seizure of "[f]inancial proceeds of unlawful trafficking in controlled substances, including but not limited to, United States currency, financial instruments, precious metals, jewelry and/or other items of value and/or proceeds of drug transactions and evidence of financial transactions relating to obtaining, transferring, secreting, or the spending of large sums of money made from illegal drug trafficking activities." "Property to be Seized," Attachment B to Search and Seizure Warrant, ¶ g. Relevant to the instant motion, agents seized three watches, three gold rings, two gold chains, and one gold bracelet from the residence.

On June 18, 2019, a federal grand jury returned an Indictment charging Mr. Thomas with possession with intent to distribute 100 grams or more of acetyl fentanyl, 40 grams or more of fentanyl, and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 841(b)(1)(C), on or about May 29, 2019 (Count One) and possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)C), on or about May 29, 2019.  ECF No. 10.

## II.     Discussion

Mr. Thomas argues that the government lacked specific probable cause to establish that the seized jewelry would be present in the residence.  Therefore, he argues evidence of the jewelry must be suppressed, and the three watches, three gold rings, two gold chains, and gold bracelet, be returned to him.  In the event suppression is not granted, Mr. Thomas requests the return of the jewelry pursuant to Federal Rule of Criminal Procedure 41(g).

### A. Motion to Suppress Evidence

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizure, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend.  IV.  The Supreme Court requires that the issuing magistrate "make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information," that there is probable cause to support a warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983).  In considering all the circumstances set forth in the supporting affidavit, a "magistrate must ascertain "whether there is a 'fair probability that contraband or

evidence of a crime will be found in a particular place.'" United States v. Conley, 4 F.3d 1200, 1205 (3d Cir. 1993) (quoting Gates, 462 U.S. at 238 (internal citations omitted).  A "warrant must also describe the things to be seized with sufficient particularity and be 'no broader than the probable cause on which it is based.'"  United States v. Zimmerman, 277 F.3d 426, 432 (3d Cir. 2002) (quoting United States v. Weber, 923 F.2d 1338, 1342 (9th Cir.1991)).  "'Direct evidence linking the place to be searched to the crime is not required for the issuance of a search warrant.'"  United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001) (quoting Conley, 4 F.3d at 1207).  "'Instead, probable cause can be, and often is, inferred by "considering the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide" the fruits of his crime.'"  Hodge, 246 F.3d at 305 (quoting United States v. Jones, 994 F.2d 1051, 1056 (3d Cir. 1993) (quoting United States v. Jackson, 756 F.2d 703, 705 (9th Cir. 1985))).  An "issuing court need only conclude that it would be reasonable to seek the sought-after objects in the place designated in the affidavit; a court need not determine that the evidence is in fact on the premises.  United States v. Ritter, 416 F.3d 256, 263 (3d Cir. 2005) (citing Conley, 4 F.3d at 1205) (other citations omitted).

"The duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed."  Gates, 462 U.S. at 236 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).  Reviewing courts must not "simply rubber stamp a magistrate's conclusions."  United States v. Tehfe, 722 F.2d 1114, 1117 (3d Cir. 1983).  However, the United States Supreme Court has directed that "resolution of doubtful or marginal cases in this area should be largely determined by the preference to be

accorded to warrants." Conley, 4. F.3d at 1205 (quoting United States v. Ventrusca, 380 U.S. 102, 109 (1965) (quoted with approval in Gates, 462 U.S. at 237 n.10)).

Here, the reasonable inferences that may be drawn from Trooper Shurgott's affidavit support the conclusion that evidence of "jewelry, and other items of value" might be present in the residence. First, probable cause to conduct the search of the residence was present based on averments in the affidavit supporting the conclusion that Mr. Thomas was engaged in illegal narcotics activity. Second, Trooper Shurgott stated in the affidavit that, based on his experience and communications with other officers, that persons who engage in illegal narcotics activity conceal jewelry and other items of value in their residences. Finally, the Search Warrant authorized the seizure of "[f]inancial proceeds of unlawful trafficking in controlled substances," including "jewelry and/or other items of value." Based on the above averments, as well as the entire affidavit in support of probable cause, it is a reasonable inference to conclude that a person engaging in illegal narcotics activity over the course of several months, may have used financial proceeds from such activity to acquire and retain jewelry and other items of value. It is not necessary to the issuance of a valid search warrant that the affiant establish probable cause that the specific items of jewelry actually seized would be present in the residence. Hodge, 246 F.3d at 305. All that is required is that the affidavit assert enough facts to establish that it would be "reasonable to seek the sought-after objects in the place designated in the affidavit." Ritter, 416 F.3d at 263. A "court need not determine that the evidence is in fact on the premises." Id. Accordingly, the Court concludes that the issuance of the search warrant authorizing the seizure of jewelry and other items of value was supported by probable cause and did not violate Mr. Thomas's Fourth Amendment

rights.  Therefore, Mr. Thomas's Motion to Suppress the three watches, three gold rings, two gold chains, and one gold bracelet seized from the residence is DENIED.

        B.        **Motion for Return of Property Pursuant to Rule 41(g)**

Mr. Thomas asserts that, pursuant to Federal Rule of Criminal Procedure 41(g), he is "aggrieved" by the deprivation of the jewelry and thus moves for its return.  Mr. Thomas's request for the return of his property is premature and will be denied at this time.  Federal Rule of Criminal Procedure 41(g), provides:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. Proc. 41(g).  "If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999).  In general, "[m]otions for return of property are 'properly denied if ... the government's need for the property as evidence continues.'" United States v. Tilton, No. 20-CR-30, 2020 WL 4188128, at *1 (D.N.J. July 21, 2020) (quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)).  Such motions are also properly denied if the property is subject to forfeiture. Chambers, 192 F.3d at 377.

The government asserts that the seized jewelry "may serve as evidence to be used by the government at trial."  Govt. Br. 6.  So long as the government has a need for the evidence at trial, the motion is DENIED without prejudice.  The government also asserts and that the

property is preliminarily subject to forfeiture. Id. The Indictment includes forfeiture allegations specifying that three Rolex watches, three gold rings, two gold chains, and one gold bracelet, seized from the residence, are subject to forfeiture upon conviction. Indictment, ECF No. 10, at 6 (citing 21 U.S.C. § 853). Therefore, even if the government determines it no longer has a need for the evidence at trial, the motion is DENIED without prejudice on the alternate basis that the property is subject to forfeiture. The Court's ruling is without prejudice to Mr. Thomas seeking the return of the property pursuant to Rule 41(g) at the appropriate time.

BY THE COURT:

Dated: April 5, 2021

Marilyn J. Horan
United States District Court Judge